UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MELISSA SUE MARIE AZELTINE, | Case No. 2:16-cv-01193-APG-NJK |
| Plaintiff, | |
| v. | **ORDER DENYING MOTION TO REMAND** |
| THE VONS COMPANIES, INC., | (ECF No. 22) |
| Defendant. | |

Plaintiff Melissa Azeltine filed suit in Nevada state court alleging she slipped and fell at defendant The Vons Companies, Inc.'s property and was injured as a result. ECF No. 1-1. She sues Vons for negligence. *Id.* According to her petition for exemption from arbitration in state court, she has incurred over $60,000 in medical bills and likely will suffer permanent injuries. *Id.* at 4. Vons removed the action to this court on the basis of diversity jurisdiction. ECF No. 1.

Azeltine moves to remand, or alternatively to consolidate with another case pending in Nevada state court that arises out of a car accident in which Azeltine was injured. Both cases involve injuries to Azeltine's neck and back. Azeltine contends that because her injuries in the two incidents will need to be apportioned, the cases should be consolidated. Azeltine asserts that once the two actions are consolidated, this court would lack diversity jurisdiction because the defendant in the car accident case is a Nevada resident. Azeltine concedes that in this case there is complete diversity and that the amount in controversy is satisfied. But she argues that judicial economy would be served by either remanding so she can move for consolidation in state court or consolidating in this court which would destroy diversity jurisdiction and thus require remand.

Vons opposes, arguing that Azeltine concedes jurisdiction exists in this court, therefore remand is not appropriate. Vons also argues the court cannot consolidate a federal case with a state case.

/ / / /

1   There is no basis to remand.  Azeltine concedes the matter was properly removed.  I
2   cannot decline to exercise jurisdiction where it exists, absent exceptions not applicable here. *See*
3   *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976) (stating
4   federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given
5   them").
6   As to Azeltine's argument that I should consolidate this action with the state court
7   proceeding and then remand, consolidation under Federal Rule of Civil Procedure 42(a) is
8   permitted where "actions before the court involve a common question of law or fact . . . ."  But
9   the state court proceeding is not before this court. *See Oregon Egg Producers v. Andrew*, 458
10  F.2d 382, 383 (9th Cir. 1972) (stating a district court cannot consolidate under Rule 42 unless the
11  cases are "properly before the same court").
12  Azeltine relies on *Payne v. Norwest Corp.* to argue I may consolidate this case with the
13  state court case.  But there, the parties agreed to consolidate the plaintiff's state and federal
14  complaints where the plaintiff's state law claims fell within the federal court's supplemental
15  jurisdiction as part of the same case or controversy between the parties. 185 F.3d 1068, 1070 (9th
16  Cir. 1999); *see also* 28 U.S.C. § 1367(a).  The same result could have been achieved in that case
17  by the plaintiff moving to amend the federal complaint to add the supplemental claims and then
18  the parties agreeing to dismiss the state law complaint without prejudice.
19  The same cannot be said here.  Vons does not consent to consolidation.  Nor do Azeltine's
20  claims fall within this court's supplemental jurisdiction.  To the contrary, Azeltine acknowledges
21  that remand would be required if the cases were consolidated because the defendant in the other
22  action would destroy diversity jurisdiction.  Further, the two cases do not arise out of the same
23  case or controversy.  Azeltine's other lawsuit arises out of a car accident with a different party
24  that occurred approximately a year and a half before she slipped and fell at Vons.  I therefore will
25  deny Azeltine's motion to remand.
26  / / / /
27  / / / /
28

IT IS THEREFORE ORDERED that plaintiff Melissa Azeltine's motion to remand or alternatively to consolidate and remand **(ECF No. 22) is DENIED**.

DATED this 1st day of March, 2017.

                                         ANDREW P. GORDON
                                         UNITED STATES DISTRICT JUDGE